UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LOUIS H. EARLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-00085-JMS-MJD ) |
| R. D. SHEPHERD, KIMBERLY RHOADS, CHRISTOPHER McCOY, | ) ) ) |
| Defendants. | ) ) |

**Entry Granting in Part and Denying in Part Defendant Shepherd's
Motion for Summary Judgment, Substituting Certain Claims and Defendants,
and Discussing Pending Discovery Motions**

Plaintiff Louis H. Early is a federal inmate confined at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). He alleges that his civil rights have been violated. After screening the Amended Complaint, the Court determined that Mr. Early's claim that Ronald Douglas Shepherd, Kimberly Rhoads, and Christopher McCoy retaliated against Mr. Early in violation of his First Amendment rights and denied him necessary dental care in violation of his Eighth Amendment rights could proceed. These claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See* Dkt. No. 27.

### I. Summary Judgment Motion

Defendant Shepherd now seeks dismissal of the claims alleged against him. He argues that he is entitled to summary judgment because he is immune from suit under the Public Health Service Act, 42 U.S.C. § 233(a). Mr. Early has opposed the motion for summary judgment and

Mr. Shepherd has replied. For the reasons explained below, Mr. Shepherd's motion for summary judgment, dkt [79], is **granted in part and denied in part.**

### A. Legal Standard and Factual Background

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A factual dispute is 'genuine' only if a reasonable jury could find for either party." *Nichols v. Michigan City Plant Planning Dept.,* 755 F.3d 594, 599 (7th Cir. 2014) (citation and internal quotation marks omitted). The following facts are undisputed.

Defendant Shepherd is in the Public Health Service and has been detailed to FCC Terre Haute as the Chief Dental Officer since August 31, 1998.

Mr. Early asserts claims for violations of his civil rights.[1] Specifically, Mr. Shepherd, as well as co-defendants Kimberly Rhoads and Christopher McCoy, who all worked at FCI Terre Haute, were deliberately indifferent to Mr. Early's serious dental needs (in particular a periapical abscess on his lower left jaw area). They also retaliated against Mr. Early when Mr. Early sought assistance from prison officials in order to receive necessary, emergency dental treatment.

Mr. Early alleges that Mr. Shepherd took affirmative steps to retaliate against Mr. Early for his complaints about his lack of treatment. For example, following Mr. Early's appointment on May 5, 2015, Mr. Shepherd took steps to have Mr. Early's cell searched for contraband. Mr.

---

[1] These claims were taken from the Mr. Early's statement of claims and defenses. Dkt. 99. In adopting this statement as an accurate reflection of the claims raised in the amended complaint, the Court notes that it was filed after the briefing on the pending motion for summary judgment was completed consistent with this Court's Amended Scheduling Order. This statement is the clearest statement of the claims being pursued in this case. Recruited counsel's efforts on behalf of Mr. Early are greatly appreciated.

Shepherd also took Mr. Early off of the waiting list for dental treatment, thus denying him normal dental care. Finally, he created medical records that did not accurately reflect Mr. Early's dental treatment and contributed to the continued denial of care.

**B. Discussion**

Congress has mandated that certain classes of persons, including officers and employees of the Public Health Service, are absolutely immune from damages arising from their official activities. 42 U.S.C. § 233(a). Officers and employees of the Public Health Service are immune from civil suit for damages for personal injury "resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233(a). The exclusive remedy for these actions lies in the Federal Tort Claims Act. *Id. See Hui v. Castaneda*, 559 U.S. 799, 806, 812 (2010) ("Section 233(a) grants absolute immunity to Public Health Service officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct" and concluding that "[t]he immunity provided by § 233(a) precludes *Bivens* actions against individual [Public Health Service] officers or employees for harms arising out of conduct described in that section."); *see also Collier v. Caraway,* 2:14-cv-365-JMS-WGH, 2016 WL 233629 (S.D. Ind. Jan. 20, 2016) (dismissing claims of deliberate indifference to a serious medical need and retaliation as barred by absolute immunity under § 233(a)).

To obtain protection under § 233(a), Mr. Shephard must satisfy two prongs: (1) he must be a "commissioned officer or employee of the Public Health Service", and (2) he must have acted "within the scope of his office or employment" at the times relevant to the suit. 42 U.S.C. § 233(a).

*See Thelen v. Gregory*, No. 15-CV-1015-JPG-SCW, 2016 WL 4939368, at *6 (S.D. Ill. June 29, 2016) (employing the two-prong approach).

In establishing the first prong, Mr. Shepherd provides a declaration from Captain George Durgin from the United States Public Health Service ("USPHS"). Dkt. 80-1. In the affidavit, Captain Durgin affirms Mr. Shepherd to be an active duty commissioned officer of the USPHS since 1994. (Doc. 61-1). He affirms that Mr. Shepherd has been detailed to the BOP's FCC Terre Haute as its Chief Dental Officer since August 31, 1998. Mr. Early does not dispute that Mr. Shepherd was an employee of the USPHS during the relevant time period.

As for the second prong, Mr. Shepherd argues that the complaint alleges that Mr. Shepherd violated Mr. Early's rights in conjunction with his duties to provide dental services at FCC Terre Haute. Mr. Shepherd claims that the allegations reflect that he was acting in the scope of his employment with respect to his interactions with Mr. Early.

In response, Mr. Early argues that Mr. Shepherd should not be entitled to immunity under § 233(a) for violating Mr. Early's constitutional rights. In particular, Mr. Early asserts that § 233(a) should "have no impact on the viability of Mr. Early's retaliation claim." Dkt 96 at 2. Each of these arguments is addressed in turn.

### *1. Deliberate Indifference to Serious Medical Needs*

Mr. Shephard argues that Section 233(a) shields him from responsibility for his alleged deliberate indifference to Mr. Early's serious medical needs, specifically the treatment of a periapical abscess on his lower left jaw area, or lack thereof. In response, Mr. Early argues that Section 233(a) protects Public Health Service employees only from claims for damages arising out of their performance of their official duties, such that his deliberate indifference claim

against Mr. Shepherd should be allowed to proceed because he also seeks injunctive relief and other non-monetary relief.

There is no dispute that Mr. Shephard is absolutely immune from money damages based on the claim that he violated Mr. Early's Eighth Amendment rights when providing (or not providing) dental treatment under Section 233. Instead, the issue is whether the Eighth Amendment claim can proceed in an attempt to recover other equitable relief. The answer, in this case, is no.

It is true when federal officers are violating or planning to violate federal law, relief may be granted to prevent an injurious act by a public officer. *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015). In this case, however, it does not appear that Mr. Early is seeking to have Mr. Shepherd, in his individual capacity, provide for Mr. Early's ongoing dental needs. Specifically, the request for injunctive relief in the Amended Complaint is "against the United States of America, [to] enjoin[] the continued employment of defendants Shepherd, Rhoads, and McCoy." Dkt. 27 at p. 22. Even if a request for injunctive relief was read into the claim against Mr. Shepherd, it appears that such a request would be simply to require Mr. Shepherd to obey the law. Such a request for relief is not specific enough because this Court is incapable of enforcing such a broad and vague injunction. *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (finding that because "an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.").

In addition, the restoration of his good conduct time is not available in this action. The settled law is that when a prisoner makes a claim that, if successful, could shorten his term of

imprisonment, the claim must be brought as a habeas petition. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

Accordingly, the Eighth Amendment claim for money damages alleged against Mr. Shepherd is **dismissed based on his absolute immunity** and because equitable relief is not available from Mr. Shepherd.

### *2. Retaliation Claim*

Mr. Early next argues that Section 233(a) does not shield Mr. Shepherd from responsibility for his retaliatory actions against Mr. Early. This argument is true, only if the alleged retaliatory act does not relate to the "performance of medical, surgical, dental, or related functions," that are "within the scope of [Defendant Shepherd's] office or employment." 42 U.S.C. § 233(a). See dkt. 96 at p. 4. This is because immunity under Section 233(a) is limited to a defendant's performance of his official duties.

In this case, three retaliatory acts are alleged. First, Mr. Shepherd allegedly had Mr. Early's cell searched in retaliation for complaining about the dental care he was receiving. This action is unrelated to Mr. Shepherd's role of providing dental services. In his reply brief, Mr. Shepherd does not dispute that he is not entitled to absolute immunity or summary judgment on this claim. Accordingly, Mr. Shepherd is not immune from liability under Section 233(a) on the claim that he directed custody staff to search Mr. Early's cell in retaliation for complaining about the dental care he was receiving. *See e.g. Mendez v. Belton*, 739 F.2d 15, 19 (1st Cir.1984) (holding that 42 U.S.C. § 233(a) was inapplicable where a Public Health

6

Service employee's actions had nothing to do with the performance of medical functions). The motion for summary judgment is **denied** on this basis.

The second and third retaliatory acts, however, relate to the performance of dental related functions. Specifically, Mr. Early alleges that Mr. Shepherd removed him from the waiting list for dental treatment and entered inaccurate information in his medical/dental records. Dr. Shepherd's actions with respect to dental scheduling and creating medical records are "related" to his primary duties as a dentist. These actions constitute performance of "dental functions" as contemplated by § 233(a). Accordingly, Mr. Shepherd is immune from personal liability as to these instances of alleged retaliation.

## II. Substitution of Defendant and Claim

Finally, Mr. Early argues that if Mr. Shepherd is granted immunity, the proper remedy is not to dismiss Mr. Shepherd but to substitute the United States as the proper party and proceed under the Federal Tort Claims Act. This Court agrees with this conclusion but not for the specific statutory reasons asserted by Mr. Early.

Mr. Early's argument is based on a related statutory text: the Westfall Act. Under the Westfall Act federal employees acting within the scope of their employment enjoy "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). The Westfall Act authorizes the Attorney General to certify that a federal employee, sued for wrongful or negligent conduct, "'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 229–30 (*quoting* § 2679(d)(1), (2)). "Upon the Attorney General's certification, the employee is dismissed from the action,

and the United States is substituted as defendant in place of the employee." *Id*. at 230. Afterwards, the Federal Tort Claims Act governs the litigation. *Id*.

Section 233, however, lacks a procedure for "scope certification" in federal-court actions. "Thus, while scope certification may provide a convenient mechanism for establishing that the alleged misconduct occurred within the scope of the employee's duties, the procedure authorized by § 2679(d) is not necessary to effect substitution of the United States." *Hui v. Castaneda*, 559 U.S. 799, 811 (2010) (noting that the FTCA's scope certification procedure was enacted almost two decades after § 233(a)). Instead, "[w]hen federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, generally authorizes substitution of the United States as the defendant." *Hui v. Castaneda*, 559 U.S. 799, 801-802 (2010).

Accordingly, the United States is substituted as the proper defendant as to the claim that Mr. Shepherd provided inadequate dental care under the FTCA. As to the retaliation claim, Mr. Shepherd continues to be a proper defendant.[2]

The United States' assertion that it would be prejudiced by this order is rejected because Mr. Early's initial complaint included a FTCA claim and this substitution is contemplated by the statute.

### III. Discovery Motions

The motion to stay discovery, dkt [81], is **granted.** Mr. Shepherd shall have 30 days from the date this Entry is docketed to respond to any outstanding discovery requests.

---

[2] As a result, the practical reality of this "substitution" is the **clerk is directed** to add the United States as a defendant on the docket.

8

The motion to compel, dkt [84], is **denied without prejudice as moot.** Mr. Early may renew this motion or portions thereof if necessary after Mr. Shepheard has been given 30 days to update his discovery responses given the rulings set forth above.

## IV. Conclusion

Defendant Shepherd's motion for summary judgment, dkt [79], is **granted in part and denied in part**. Mr. Early's claims against Mr. Shepherd based on harms caused in the course of his employment are barred as a matter of law because Mr. Shepherd falls within the immunity provided by 42 U.S.C. § 233(a). *See Barrett v. Marberry*, 402 Fed.Appx. 143, 145, 2010 WL 4877838 (7th Cir. Dec. 1, 2010) (affirming district court's application of section 233(a) and decision that a Public Health Service officer could not be personally subject to a *Bivens* action for harm arising out of his dental work). As to these claims, the United States is substituted as the defendant and such claims shall proceed under the FTCA. The **clerk is directed** to add the United States as a defendant on the docket in this action.

The retaliation claim based on Mr. Shepherd allegedly ordering the shake down of Mr. Early's cell in violation of the First Amendment shall proceed under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

**IT IS SO ORDERED.**

Date: 10/17/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LOUIS H. EARLY
13403-052
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

Stephanie Carowan Courter
ICE MILLER LLP
stephanie.courter@icemiller.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com